Rukkin, Judge.
 

 The court does not deem it necessary to consider the effect, as against .a vendee in Bertie, of the .writ which was made out, kept in the office aftd never issued; .because supposing it to have,been delivered to the Sheriff of Bertie, it is our opinion that it would not invalidate the title of the defendants to the land in Franklin.
 

 No case has been cited at the bar, or found by the court, which extends the lien of any writ beyond the territorial limits in which it can i>e executed. It would seem, that in reason it cannot be carried beyond those bounds ; .butis restrained to them by its terms. It is argued, that it embraces all the property of the defendant, wheresoever situate, upon'the ground that the party shall not defeat the judgment by any act of his. I conceive, that this is unduly enlarging the rule and .the reason. It is not the judgment! hut the execution to which the principle is applied. True it is, that as to lands in England, the judgment,is that to which respect is had; and as that is equally operative in every part of the kingdom, an alienation of the land situate any where after judgment, is void as against
 
 iheelegit.
 
 Butin reference to the execution of a
 
 f. fa.
 
 it hinds in England from the delivery, and here from the
 
 teste
 
 ; and any alienation is avoided, which would defeat the writ. As to chattels then, it is not the judgment, but the execution to which we have regard; and the party is not permitted to defeat
 
 the process.
 
 But how can this, he predicated of an ’
 
 *160
 
 act done in a place, in which the process does not operate ?
 
 That writ
 
 can in nowise be said to he thereby
 
 eluded;
 
 and that writ alone can belookedto as affecting the .property. The party is restrained by the writ from disposing of any thing, which by the same writ can be taken in satisfaction of the debt. This is carrying it far enough; for often executions by the fictitious relation to the
 
 teste,
 
 overreach honest and
 
 bonajide
 
 sales. We find the law upon that subject certain and settled ; and therefore we cannot change it from any sense of the hardship. In England however, the mischief produced the' provision in
 
 stat.
 
 29
 
 Car.
 
 2, c. 3, in favor of purchasers, that no writ
 
 offieri facias
 
 should bind the property of the goods of the party, but from the delivery to the sheriff. This goes far to show, what was considered in that country to be the law. What was the evil ? That people bought. goods and lost them by force of a writ afterwards sued, which, by a fiction of law, related to a day beyond the purchase. The remedy provided is, that no such fiction shall hereafter exist, but every man may conveniently know whether ho is getting a good title by application to-.the sheriff, and ascertaining whether he has an execution in his hands against those goods. But this protection is manifestly but' a mockery, if he must apply to every sheriff in England, to see whether
 
 afieri facias
 
 has been lodged in his office. It must mean the sheriff of the county in which the goods are : for to him alone can application be made without an inconvenience,' which would prevent the making of
 
 any;
 
 and the statute would in fact have no-effectual operation. Now this act of Parliament relates only to the time from which the writ shall bind, and is altogether silent as to the places in which it shall have' force. This last is at common law. But I think the very object of the statute would be defeated as to the time if the place be any other than, the one county or bailiwick mentioned in the writ. And therefore, l take the .law to be there understood, as confining the efficacy of' the writ to the territory mentioned in it, within which it is to. be executed; It is the more necessary that it should, be so.held here, since we have no
 
 market over‡,.
 
 by sale;#,
 
 *161
 
 in which, in England, the goods may he passed even against an execution in that county. The fraudulent contrivances to evade executions by the removal or sale of property may be easily suppressed either by an
 
 elegit,
 
 or by suing writs
 
 oí fieri fiadas
 
 to several counties at the same time. Since this can be done, it ought to be required, as affording to purchasers some. opportunity of getting a knowledge of their vendor’s power to sell.
 

 But here .lands are bound only by the
 
 fifia.
 
 from its
 
 teste,
 
 and sales made after that time of land; situated where the writ does notrun,are valid.
 

 Per
 
 Rur-ris, I. An
 
 ele-git
 
 may be sued out in this state.
 

 I think therefore, the judgment must be affirmed. I . shall of course be understood, when speaking of defeating the particular writ, as not meaning to impeach the efficacy of an
 
 alias,-
 
 as such, directed to the sheriff who had the originalfieri
 
 fiadas.
 

 Per Curiam — Judgment aefirMeb.